WINEBRAKE & SANTILLO, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAYLON UNDERWOOD, on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br>v.<br><br>HARVEST MOORESTOWN LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>**(Document Filed Electronically)** |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Waylon Underwood ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Harvest Moorestown LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56A, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his NJWHL claim as a class action under Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.   This Court has subject matter jurisdiction over the NJWHL claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Cherry Hill, New Jersey (Camden County).

5. Defendant is a corporate entity headquartered in Moorestown, New Jersey (Burlington County).

6. Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

7. Defendant is an employer covered by the FLSA and the NJWHL.

## FACTS

8. Defendant owns and operates a Harvest Seasonal Grill & Wine Bar located in Moorestown, New Jersey ("the Moorestown Restaurant"). The Moorestown Restaurant has been in business since approximately 2015.

9. During the past two-years, Defendant, upon information and belief, has employed well over 50 servers and bartenders at the Moorestown Restaurant.

10. Servers and bartenders are primarily responsible for taking customers' food and drink orders, serving food and drinks to customers, and otherwise waiting on customers at the restaurant tables.

11. Plaintiff was employed by Defendant as a server at the Moorestown Restaurant from approximately February or March 2015 until approximately March 2016.

12. Defendant paid Plaintiff and other servers and bartenders at the Moorestown Restaurant an hourly wage of $2.13.

13. In seeking to comply with the FLSA's mandate that employees receive a

minimum wage of $7.25/hour and the NJWHL's mandate that employees receive a minimum wage of $8.38/hour, Defendant has utilized a "tip credit" for each hour worked by Plaintiff and other servers and bartenders. Thus, under the FLSA, Defendant has enjoyed the benefit of a $5.12/hour tip credit ($7.25 minus $2.13). Meanwhile, under the NJWHL, Defendant has enjoyed the benefit of a $6.25/hour tip credit ($8.38 minus $2.13).

14. Defendant has maintained a common policy of requiring Plaintiff and other servers and bartenders to contribute a portion of their tips to "Expediters" (a.k.a. "Expos").

15. Expediters do not receive tips directly from customers.

16. This is because Expediters – who do not wear server uniforms – are stationed at the kitchen area and do not interact with restaurant customers.

17. Expediters' duties primarily consist of readying food orders for pick-up by the servers.

## COLLECTIVE AND CLASS ALLEGATIONS

18. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, have been employed as servers and/or bartenders at the Moorestown Restaurant.

19. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Plaintiff brings his NJWHL claim pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any time within the past two years, have been employed as servers and/or bartenders at the Moorestown Restaurant.

21.     The putative class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

22.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23.     Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

24.     Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices, including Defendant's practices of using the tip credit to satisfy its minimum wage obligations and requiring class members to share tips with Expediters.

25.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     The FLSA entitles employees to a minimum hourly wage of $7.25.

28.     While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers and bartenders, they forfeit the right to do so when they require servers and bartenders to share tips with other restaurant employees who do not "customarily and regularly

4

receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's Expediters – whose direct customer interaction is minimal. *See*, *e.g.*, *Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

29. By requiring Plaintiff and other servers and bartenders to share tips with Expediters, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers and bartenders. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage of $2.13 rather than $7.25.

30. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the NJWHL)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The NJWHL entitles employees to a minimum hourly wage of $8.38.

33. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers and bartenders, they forfeit the right to do so when they require servers and bartenders to share tips with other restaurant employees who do not customarily and regularly receive tips.

34. By requiring Plaintiff and other servers and bartenders to share tips with individuals performing the work of expediters, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers and bartenders.

As such, Defendant has violated the NJWHL's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage of $2.13 rather than $8.38.

35. In violating the NJWHL, Defendant has acted willfully and with reckless disregard of clearly applicable NJWHL provisions.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class and collective, seeks the following relief:

A. Unpaid minimum wages equaling the value of the tip credit for every hour worked;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: January 26, 2017

s/ R. Andrew Santillo
Peter Winebrake*
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Pro Hac Vice* admission anticipated

*Attorneys for Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Name (Please Print Clearly)

Waylon Underwood

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WAYLON UNDERWOOD

**(b)** County of Residence of First Listed Plaintiff: Camden, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
R. Andrew Santillo, Esq./Mark J. Gottesfeld, Esq., Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025: (215) 884-2491.

## DEFENDANTS
HARVEST MOORESTOWN LLC

County of Residence of First Listed Defendant: Burlington, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 710 Fair Labor Standards Act

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Fair Labor Standards Act, 29 U.S.C. sec. 201, et seq.
Brief description of cause: Failure to pay the minimum wage under federal and state law.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 01/26/2017
SIGNATURE OF ATTORNEY OF RECORD: s/ R. Andrew Santillo

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| Waylon Underwood ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| HARVEST MOORESTOWN LLC ) | |
| *Defendant* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
        HARVEST MOORESTOWN LLC
        Moorestown Mall
        400 Route 28
        Moorestown, NJ 08057

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                        *CLERK OF COURT*

Date: _____                             _____
                                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: