IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYLON UNDERWOOD, on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>HARVEST MOORESTOWN LLC,<br><br>Defendant. | :<br>:<br>:  1:17-cv-00550-JS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN
FURTHER SUPPORT OF THEIR UNOPPOSED MOTION FOR
APPROVAL OF THE FAIR LABOR STANDARDS ACT SETTLEMENT**

Plaintiffs submit this brief pursuant to the Court's June 28, 2018 Order, see Doc. 69, concerning the final certification of the FLSA collective that is covered by the parties' proposed settlement of this litigation, see Doc. 68. As discussed below, Plaintiffs are "similarly situated" for purposes of final certification pursuant to 29 U.S.C. § 216(b).

In Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527 (3d Cir. 2012), the Third Circuit identified the relevant factors to consider as part of the final certification/decertification analysis. These include, *inter alia*, "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." Id. at 536-37. Here, each of the Zavala factors favor final certification of this FLSA collective.

For example, Plaintiffs each: (i) worked as servers at Defendant's Harvest Seasonal Grill & Wine Bar located in Moorestown, New Jersey; (ii) assert the same claims for unpaid wages seeking the "trip credit" that Defendant took against the FLSA's minimum wage requirement of $7.25 per hour; (iii) were paid an hourly wage below $7.25 by Defendant plus customer tips; and

1

(iv) were subjected to the challenged practice of sharing a portion of their tips with other restaurant employees called "expediters" (a.k.a. "Expos").  It was also not anticipated that Defendant would have strenuously asserted individualized defenses against the different Plaintiffs had this matter not been settled.  Moreover, the parties recognize that requiring Plaintiffs to pursue their legal claims through individual trials would be inefficient and unduly expensive.

Date:  July 12, 2018     Respectfully,

s/ R. Andrew Santillo
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies subject to the penalty of perjury that, on this date, the attached documents were served on the Defendant by delivering same to Defendant's counsel via the Court's ECF system:

Steven Ludwig, Esq.
Brian J. McGinnis, Esq.
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103

Date:  March 13, 2018     s/ R. Andrew Santillo
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025

2