[Doc. No. 68]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WAYLON UNDERWOOD, *on behalf of himself and similarly situated employees*,<br><br>            Plaintiffs,<br><br>    v.<br><br>HARVEST MOORESTOWN LLC,<br><br>            Defendant. | Civil No. 17-0550 (JS) |

**O R D E R**

This matter is before the Court on plaintiffs' "Unopposed Motion for Approval of the Fair Labor Standards Act Settlement" [Doc. No. 68]; and the Court having held a hearing on July 24, 2018; and there being no objections to the parties' settlement; and for all the reasons set forth in the Court's Oral Opinion read into the record at the conclusion of the July 24, 2018 hearing; and for good cause shown,

IT IS on this 24th day of July, 2018, ORDERED as follows:

1.   The Settlement Agreement [Doc. No. 68-2] attached to plaintiffs' motion is fully and finally approved.

2.   The settlement class is given final certification for purposes of the settlement only as a collective action under § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA). The settlement class is defined as:

1

>"The forty-five (45) individuals identified in Exhibit A to the Collective Action Settlement Agreement ("Settlement Agreement"). [Doc. No. 68-2]."

3. The Court finds that the Settlement Agreement and its terms constitute a fair and reasonable settlement of a bonafide dispute of this collective action within the meaning of § 216(b) of the FLSA and directs that the execution of the settlement shall be made pursuant to the terms of the Settlement Agreement.

4. Subject to the terms and conditions set forth in the Settlement Agreement, defendant is directed to distribute the Settlement Amount to Class Counsel within the time frame defined in the Settlement Agreement and in accordance with the individual allocations set forth in the Settlement Agreement. Defendant is also directed to make the lump-sum payment to Class Counsel as described in the Settlement Agreement in accordance with the time frames and other terms and conditions of the Settlement Agreement.

5. This action is dismissed in its entirety with prejudice and in full and final discharge of all claims defined in the Settlement Agreement.

6. This Court reserves jurisdiction over this action with respect to any further proceedings concerning the administration or execution of the Settlement Agreement.

Accordingly, the Clerk is directed to dismiss this action with prejudice as fully and finally resolved.

                                                s/Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge

Dated: July 24, 2018